PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:12cr582-3 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JAMARCE MILLER, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 345; 368] |

Defendant entered a plead of guilty to Count 1 of the Indictment. He has since filed a motion to withdraw his plea citing a memorandum from Attorney General Eric Holder and a supplemental motion citing proposed legislation, both of which address criminal offenses that dictate mandatory minimum sentences. As explained below, Defendant's motions are denied.

**Law and Argument**

"'[T]he withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court.'" *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987), quoting *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir. 1978) ( per curiam ). Federal Rule of Criminal Procedure 11(d) permits the withdrawal of pleas of guilty, after the court has accepted the pleas, only if a "defendant can show a fair and just reason for requesting the withdrawal." The rule places the burden on a moving defendant to show a "fair and just reason" why withdrawal of a guilty plea should be allowed. *See, e.g., United States v.*

(1:12cr582-3)

*Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir.), *cert. denied*, 519 U.S. 973 (1996).  "[T]he aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."  *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (internal quotation omitted), *cert. denied*, 502 U.S. 1117 (1992).  Only if the court rejects the agreement will the defendant have the opportunity to withdraw his plea for any reason without the "fair and just reason" requirement.  *United States v. Hyde*, 520 U.S. 670, 676 (1997).

Whether the defendant has shown a fair and just reason is based on an evaluation of the totality of the circumstances, including the following seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

No one factor is controlling; however, in this matter, several factors strongly counsel against granting the motion.  The following addresses an unexhausted list of those reasons.

### *The length of time between the guilty plea and the motion to withdraw–78 days*

Defendant waited 78 days to seek withdrawal of his plea.  This delay in seeking to withdraw his plea of guilty weighs against the withdrawal of the plea.  *United States v. Valdez,*

(1:12cr582-3)

362 F.3d 903, 913 (6th Cir. 2004). There is no discernible reason for the delay. In *Valdez*, the court said an unjustified 75-day delay alone supported the denial of defendant's motion to withdraw. *Id*. *See also*, United States v. Durham, 178 F.3d 796, 798-99 (6th Cir. 1999) (defendant's 77-day delay was the strongest factor supporting the district court's denial of withdrawal of a guilty plea); United States v. Baez, 87 F.3d 805, 808 (6th Cir.1996) (unexplained 67-day delay was enough to deny motion to withdraw); Bashara, 27 F.3d at 1181 (six week delay was too long); United States v. Goldberg, 862 F.2d 101, 104 (6th Cir. 1998) (55-day delay was too long); United States v. Spencer, 836 F.2d 236, 239-40 (6th Cir. 1987) (five week delay was too long); United States v. Haygood, 549 F.3d 1049, 1053 (6th Cir. 2008) (four and one-half month delay in making a motion to withdraw guilty plea was fatal).

### *Defendant does not claim innocence, but rather, Defendant admits to having sold drugs to a customer who died of a drug overdose*

Defendant, in open court and under oath, entered a plea of guilty to Count 1 pursuant to a written plea agreement that acknowledges that "the government could prove beyond a reasonable doubt that Lacey Cramblit did fatally ingest and overdose on heroin, on or about July 7, 2012, which had been distributed to her by the Defendant." ECF No. 277 at 11-12 (Sealed Plea Agreement). During the Court's thorough plea colloquy, Defendant assured the Court that the factual basis accurately represented his conduct leading to the charge against him in Count 1. He also assured the Court that he had not been coerced into making the plea; he pleaded guilty voluntarily. Defendant pleaded guilty because he was guilty. Even Defendant has not claimed that he is not guilty.

3

(1:12cr582-3)

***Defendant's background, i.e. prior convictions, personal use of drugs and violence portrays a person well acquainted with a life of crime and the justice system***

While not as lengthy as some, Defendant's criminal history and history of drug abuse and violence weigh heavily against his request to withdraw his guilty plea.  Remarkably, Lacey Cramblit's death is the second death that Defendant has been involved with.  Needless to say, Defendant is not a first-time offender surprised to learn the consequences of his actions.  This factor militates against permitting the withdrawal of his plea of guilty.

***Defendant offers no valid reason for seeking to withdraw his plea and there is no new law obligating the Court to grant his motion***

Defendant's reliance on the memoranda[1] issued by Attorney General Holder to invalidate his plea is without basis.  While laudable, the Attorney General's explanation of policy and the guidance provided to federal prosecutors has no binding effect on the Court.  More importantly, Defendant clearly is outside of the scope of those persons the policy and guidance is intended to benefit.  The Attorney General asks that prosecutors decline to charge mandatory minimum drug offenses when a defendant meets each of the four criteria listed in his August 12, 2013 memorandum.  Defendant does not meet the first criterium.[2]  Defendant has admitted conduct causing the death of Lacey Cramblit as indicated above.

---

[1] Dated August 12 and 29, 2013.

[2] Restated in part: "prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant meets *each* of the following criteria: . . . [first criterium] The defendant's relevant conduct does *not* involve . . . the death or serious bodily injury of any person." (Internal notes omitted) (Emphasis added)

4

(1:12cr582-3)

"[A] defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements" to the judge prior to sentencing. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993) (internal quotation omitted). *See also, Fontaine v. United States*, 411 U.S. 213, 215 (1973). Defendant does not present an exception. Defendant has not presented any viable basis for withdrawal of his plea of guilty.

### Conclusion

For all the reasons mentioned herein, Defendant's motion to withdraw his plea of guilty to Count 1 is denied.

IT IS SO ORDERED.

| | |
|---|---|
|  December 20, 2013  |  /s/ Benita Y. Pearson  |
| Date | Benita Y. Pearson |
| | United States District Judge |